# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACKIE PEEPLES,<br>    Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-CV-4642** |
| | : | |
| TARGET CORPORATION,<br>    Defendant. | : | |
| | : | |

## ORDER

AND NOW, this 17th day of January, 2023, upon consideration of Plaintiff Jackie

Peeples's Motion to Proceed *In Forma Pauperis* (ECF No. 1), and Complaint (ECF No. 2) it is

**ORDERED** that:

1.      Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      The Complaint is **DEEMED** filed.

3.      The Complaint is **DISMISSED IN PART WITH PREJUDICE** and

**DISMISSED IN PART WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

for the reasons stated in the Court's Memorandum as follows:

        a.      The claims brought pursuant to the Federal Trade Commission Act are

**DISMISSED WITH PREJUDICE.**

        b.      The claims brought pursuant to the Fair Credit Reporting Act are

**DISMISSED WITHOUT PREJUDICE.**

4.      Peeples may file an amended complaint within thirty (30) days of the date of this

Order as to any claims dismissed without prejudice.  Any amended complaint must identify all

defendants in the caption of the amended complaint in addition to identifying them in the body of

the amended complaint and shall state the basis for Peeples's claims against each defendant.  The

amended complaint shall be a complete document that does not rely on the initial Complaint or

other papers filed in this case to state a claim.  When drafting her amended complaint, Peeples

should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as

explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk

shall not make service until so **ORDERED** by the Court.

5.       The Clerk of Court is **DIRECTED** to send Peeples a blank copy of this

Court's current standard form to be used by a self-represented litigant filing a civil action bearing

the above-captioned civil action number.  Peeples may use this form to file her amended

complaint if she chooses to do so.[1]

6.       If Peeples does not wish to amend her Complaint and instead intends to stand on

her Complaint as originally pled, she may file a notice with the Court within thirty (30) days of

the date of this Order stating that intent, at which time the Court will issue a final order

dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall

include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir.

2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the

district court asserting his intent to stand on the complaint, at which time an order to dismiss the

action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir.

1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the

district court did not abuse its discretion when it dismissed with prejudice the otherwise viable

claims . . . following plaintiffs' decision not to replead those claims" when the district court

"expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the

dismissal of those claims").

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

7.    If Peeples fails to file any response to this Order, the Court will conclude that Peeples intends to stand on her Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

 **/s/ Juan R. Sánchez**
**Juan R. Sánchez, C.J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).